UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
COURTNEY LINDE, et al.,

        Plaintiffs,

- against -

ARAB BANK, PLC,

        Defendant.
----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 20 2013 ★
BROOKLYN OFFICE

ORDER

04-cv-2799 (NG)(VVP)
and related cases[1]

NINA GERSHON, United States District Judge:

In a letter dated January 23, 2013, certain plaintiffs request, pursuant to Rules 1, 54(b), and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3, that the prior decision in *Litle v. Arab Bank* ("*Litle* Opinion"), 507 F. Supp. 2d 267 (E.D.N.Y. 2007), dismissing those plaintiffs on timeliness grounds, be vacated in light of recently enacted amendments to the statute of limitations in the Anti-Terrorism Act ("ATA"), 18 U.S.C. §§ 2331 *et seq.* Defendant opposes the application in a letter dated May 2, 2013, and plaintiffs reply in a letter dated May 7, 2013.

Section 1251 of the National Defense Authorization Act for Fiscal Year 2013 ("2013 NDAA"), Pub. L. No. 112-239, § 1251, 126 Stat. 1632, 2017 (Jan. 2, 2013), amends 28 U.S.C. § 2335 by enlarging the statute of limitations. Following the amendments, and subject to exceptions not applicable here, "a suit for recovery of damages under [28 U.S.C. § 2333] shall not be maintained unless commenced within 10 years after the date the cause of action accrued."

---

[1] The following related cases have been consolidated with this case for the purposes of discovery and other pretrial proceedings: *Philip Litle, et al. v. Arab Bank, PLC*, 04-CV-5449; *Oran Almog, et al. v. Arab Bank, PLC*, 04-CV-5564; *Robert L. Coulter, Sr., et al. v. Arab Bank, PLC*, 05-CV-365; *Gila Afriat-Kurtzer, et al. v. Arab Bank, PLC*, 05-CV-388; *Michael Bennett, et al. v. Arab Bank, PLC*, 05-CV-3183; *Arnold Roth, et al. v. Arab Bank, PLC*, 05-CV-0378; *Stewart Weiss, et al. v. Arab Bank, PLC*, 06-CV-1623; *Joseph Jesner, et al. v. Arab Bank, PLC*, 06-CV-3869; *Yaffa Lev, et al. v. Arab Bank, PLC*, 08-CV-3251; and *Viktoria Agurenko, et al. v. Arab Bank, PLC*, 10-CV-626.

28 U.S.C. § 2335. In a provision entitled "Effective Date," the 2013 NDAA also provides that "[t]he amendments made by this section shall apply to any civil action arising under [28 U.S.C. § 2333] that is pending on, or commenced on or after, [January 2, 2013]." 2013 NDAA § 1251(b).

In providing that the amendments apply to any civil action under § 2333 "that is pending on, or commenced on or after" the date of the 2013 NDAA's enactment, Congress has explicitly expressed its intent that the amended limitations period, previously four years, be applied retroactively to pending claims. *See Landgraf v. USI Film Products*, 511 U.S. 244, 259-60 (1994); *International Union of Electrical, Radio, and Machine Workers, AFL-CIO, Local 790 v. Robbins & Meyers, Inc.*, 429 U.S. 229, 241-43 (1976). Defendant neither contests that the claims of plaintiffs subject to the *Litle* Opinion are pending, in that no judgment dismissing them has been issued, nor that the language of the amendments would revive those claims.

The Bank's argument that *William Danzer & Co. v. Gulf & Ship Island R.Co.*, 268 U.S. 633 (1925), prohibits retroactive application of the amendments, on the ground that such application would violate Due Process, is rejected. In contrast to the situation in *Danzer*, the amended limitations period of the ATA is expressly retroactive to the claims here. Also, as the Supreme Court recognized in *International Union*, "*Danzer* was given a narrow reading in the later case of *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 312 n.8 [(1945)]." *International Union*, 429 U.S. at 243. Most importantly, in *International Union*, the Supreme Court rejected the precise application of *Danzer* that the Bank proposes here and observed that, accepting the argument would require an "unwarrantedly broad reading of" *Danzer*. *International Union*, 429 U.S. at 243. The Court stated:

> The Fourteenth Amendment does not make an act of state legislation void merely because it has some retrospective operation. What it does forbid is taking of life, liberty or property without due process of law. . . . Assuming that statutes of limitation, like other types of legislation, could be so manipulated that their

> retroactive effects would offend the Constitution, certainly it cannot be said that lifting the bar of a statute of limitation so as to restore a remedy lost through mere lapse of time is *per se* an offense against [Due Process].

*Id.* at 243-44 (quoting *Chase Securities Corp.*, 325 U.S. at 315-16). Applying that test to the federal law at issue in *International Union*, the Court held that "Congress might constitutionally provide for retroactive application of the extended limitations period which it enacted." *Id.* at 244. The Bank has submitted no sound argument that would lead to a different conclusion here. Indeed, Congress's choice of language clearly imposing retroactivity demonstrates that Congress has already "determined that the benefits of retroactivity outweigh the potential for disruption or unfairness." *Landgraf*, 511 U.S. at 268.[2]

For these reasons, the *Litle* Opinion is vacated to the extent that certain plaintiffs' claims, as described in that Opinion, were dismissed as not falling within the then-applicable four-year statute of limitations. Those claims are restored and they shall proceed accordingly. In addition, the *Litle* Opinion is vacated to the extent that it describes the claims of three *Litle* plaintiffs—Shivi Keller, Chayim Brovender, and Mattityahu Zachariash—as timed-barred, though they were not formally dismissed.

SO ORDERED.

s/Nina Gershon

**NINA GERSHON**
**United States District Judge**

Dated: June 20, 2013
Brooklyn, New York

---

[2] In light of the foregoing discussion, plaintiffs' alternative argument relating to the Scherzman plaintiffs raised in the January 23, 2013, letter need not be addressed here.